UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

**************************************************

ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, CA 07 364 S

Plaintiff,

v.

VIKINGLOBAL CORPORATION, ROBERT ANDERSON AND MARK SCHMIDT, Trustees of the VIKINGLOBAL CORPORATION 401(K) PLAN,

Defendants.

**************************************************

CIVIL ACTION
FILE NO.

COMPLAINT

Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq., and is brought to redress violations and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA pursuant to §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5).

(2) The Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

(3) Venue of this action lies in the District of Rhode Island pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

(4) During the pertinent period, from October 1, 2002 to the present (the "pertinent period"), VikinGlobal Corporation, ("VikinGlobal" or the "Company") had

been an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5), and had been a corporation having an office and place of business at 259 Water Street, Warren, Rhode Island 02885 within the jurisdiction of this Court. The Company ceased operations in or around early 2002.

(5) VikinGlobal established, on January 1, 2000, the VikinGlobal Corporation 401(k) Plan (the "Plan"), an employee pension benefit plan within the meaning of ERISA §3(2)(A), 29 U.S.C. §1002(2)(A), and which is covered under ERISA pursuant to §4(a), 29 U.S.C. § 1003(a).

(6) The purpose of the Plan was to provide retirement benefits for the exclusive benefit of its participants, employees of VikinGlobal.

(7) The Company was the sponsor of the Plan, as defined by ERISA §3(16)(B)(i), 29 U.S.C. §1002(16)(B)(i), and acted as Plan Administrator for the Plan during the pertinent period and, as such, was, and is, a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A). Furthermore, at all times relevant hereto, VikinGlobal was a party in interest within the meaning of ERISA §§3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

(8) During the pertinent period, Defendant Robert Anderson ("Anderson") owned 51% of the Company and was a Trustee of the Plan. In addition, Anderson served as Plan Administrator and exercised discretionary authority or control respecting management of the Plan, and exercised authority or control respecting management or disposition of assets of the Plan. As such, Anderson was, and is, a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A). Furthermore, during the pertinent period, Defendant Anderson was, and is, a party in

interest with respect to the Plan within the meaning of §§3(14)(A),(E) and (H) , 29 U.S.C. § 1002(14)(A)(E) and (H).

(9) During the pertinent period, Defendant Mark Schmidt ("Schmidt") owned 49% of the Company and was a Trustee of the Plan. In addition, Schmidt served as Plan Administrator and exercised discretionary authority or control respecting management of the Plan, and exercised authority or control respecting management or disposition of assets of the Plan. As such, Schmidt was, and is, a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A). Furthermore, during the pertinent period, Defendant Schmidt was, and is, a party in interest with respect to the Plan within the meaning of §§3(14)(A),(E) and (H) , 29 U.S.C. § 1002(14)(A)(E) and (H).

(10) During the pertinent period, Defendants Anderson and Schmidt were responsible to ensure the continued prudent administration and termination of the Plan.

(11) During the pertinent period, Defendants Anderson and Schmidt failed to take fiduciary responsibility for the operation and administration of the Plan and its assets, including taking appropriate measures to effectuate the distribution of Plan assets to the participants and beneficiaries, and terminating the Plan.

(12) As a result of the conduct set forth at paragraph 11, Defendants Anderson and Schmidt failed to discharge their fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A).

(13) As a result of the conduct set forth at paragraphs 11, Defendants Anderson and Schmidt failed to discharge their fiduciary duties with care, skill, prudence and diligence, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B).

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1) Permanently enjoining Defendants from violating, or knowingly participating in violations of the provisions of ERISA §404, 29 U.S.C. §1104.

(2) Permanently enjoining Defendants from serving as fiduciaries to any ERISA-covered plan other than the VikinGlobal Corporation 401(k) Plan.

(3) Requiring Defendants Anderson and Schmidt to administer the Plan, and effectuate the distribution of the Plan's assets to the participants and beneficiaries, and thereafter to terminate the Plan.

(4) Awarding to Plaintiff the costs of this action, and other relief as is equitable and just.

Robert Clark Corrente
U.S. Attorney
District of Rhode Island
Fleet Center, 50 Kennedy Plaza,
8th Floor
Providence, RI 02903
(401)709-5000

Post Office Address:
Office of the Solicitor
J.F.K. Federal Building,
Room E-375
Boston, MA 02203
PHONE: (617) 565-2500
FAX: (617) 565-2142

Jonathan L. Snare
Acting Solicitor of Labor

Frank V. McDermott
Regional Solicitor

Christine Collins
Christine A. Collins
Attorney

United States Department of Labor
Attorneys for the Plaintiff

DATE: 9/27/07